UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80608-CIV-HURLEY/HOPKINS

DANIEL SALDIBAR, on behalf of himself and
those similarly situated,

    Plaintiff,

v.

DELRAY ONE, INC., a Florida Corporation,
f/k/a DELRAY PLANTS, INC.

    Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, DELRAY ONE, INC. ("Delray One" or "Defendant") pursuant to Rule 56, Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.5. A. submits this Memorandum of Law in Support of its Motion for Final Summary Judgment as to the Complaint filed by DANIEL SALDIBAR ("Saldibar") and Opt-In Plaintiff, DANIEL PRESTON ("Preston") (collectively referred to as Plaintiffs).

**I.
INTRODUCTION**

Saldibar filed this action alleging violations of the Fair Labor Standards Act ("FLSA" or "Act") against the Defendant Delray One on June 9, 2007. Plaintiff purports to bring this action on behalf of himself and others similarly situated and has successfully joined Opt-In Plaintiff

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 2 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

Preston in this action.[1] Saldibar alleges that Delray One violated the FLSA because it failed to pay him for hours worked in excess of forty in a work week during the course of his employment with Delray One. (Comp. ¶ 6, 7).[2] Plaintiffs also seek liquidated damages as well as attorneys' fees and costs.

Saldibar's case fails because he was exempt from the FLSA pursuant to the agricultural exemption set forth in Section 13(b)(12). Plaintiff Preston's case fails because he was exempt pursuant to the Department of Transportation exemption as set forth in Section 13(b)(1) of the Act. Therefore, this Court should enter final judgment in favor of Delray One.

## II.
## STANDARD OF REVIEW

Summary judgment must be granted if the pleadings, depositions, answers to interrogatories and affidavits "show that there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law." *Celotex Corp. V. Catrett,* 477 U.S. 317, 325 (1986). The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings and a mere "scintilla" of evidence is insufficient to avoid summary judgment. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257 (1986). Rather, the non-moving party must provide specific record evidence that establishes a dispute over facts that might affect the outcome of the suit under the governing law. *Id.* at 248.

Moreover, summary judgment is not properly regarded as a disfavored procedural shortcut but, rather, as an integral part of the Federal Rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. *Celotex,* 477 U.S. at 327;

---

[1] Saldibar and Preston were both employed by Defendant; both worked in excess of 40 hours in a week and both were paid straight time for all hours they worked. Otherwise they are *not* similarly situated. They were employed at different locations, at different times, and in different positions. Facts at ¶4. In fact, they did not even know each other. *Id.* Defendant moves for Summary Judgment as to each, on different grounds herein, addressing named Plaintiff Saldibar first and Opt-In Plaintiff Preston second.

[2] Citations to the Complaint are denoted by Comp. ¶ __.

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 3 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

*see also, Anderson,* 477 U.S. at 250.  As there are no issues of material fact that might affect the outcome of this action, Defendant is entitled to summary judgment.

## III.
## ARGUMENT

### A. Plaintiff Saldibar was Employed in Agriculture and was Therefore Exempt from the Fair Labor Standards Act.

Saldibar was exempt from the Fair Labor Standards Act as an agricultural worker pursuant to 29 U.S.C. Section 213(b)(12) of the Act.  Therefore, this Court should enter summary judgment for Delray One as a matter of law.

#### 1. The General Rule

29 U.S.C. § 207 provides that "no employer should employ any of his employees … for a work week longer than forty hours unless such an employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  The overtime payments required by section 7 of the Act is a *general* rule.  The FLSA has many exemptions or exceptions from the general rule.

#### 2. The Agricultural Exception to the General Rule

Section 13(b)(12) of the Act provides one such exemption to the general rule requiring the payment of overtime compensation to individuals who work more than forty (40) hours in a week. This subsection exempts "employees employed in agriculture" from the overtime compensation requirements.  In turn, the FLSA defines "agriculture" to include "farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying the production, cultivation, growing, and harvesting of any agricultural or *horticultural* commodities . . . performed by a farmer or on a farm as an incident to or in conjunction with such farming

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 4 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

operations, including preparation for market, *delivery* to storage or to market or to *carriers for transportation* to market." 29 U.S.C. § 203(f); *see also* 29 C.F.R. § 780.103. (Emphasis added).

A recent Eleventh Circuit opinion reiterates the long-standing rule that this statutory definition of "agriculture" provides for two categories of exempt agricultural practice. *Sariol v. Florida Crystals Corporation, et al.,* 490 F.3d 1277 (11th Cir. 2007) (citing *Farmers Reservoir and Irrigation Co. v. McComb,* 337 U.S. 755, 762-63, 69 S. Ct. 1274, 1278 (1949)). The first half of the definition covers what the Supreme Court refers to as "primary" agriculture, which includes activities such as cultivation, tillage of soil, and harvesting. *Farmers Reservoir,* 337 U.S. at 762. The later half of the definition, according to the Court, has a "broader" meaning that "includes any practices, whether or not themselves farming practices, which are performed either by a farmer on a farm, incidentally to or in conjunction with 'such' farming operations." *Id*. at 762-63. Later courts have characterized this distinction as one between "primary agriculture" and "secondary agriculture." *See Marshall v. Gulf & W. Indus., Inc.*, 552 F.2d 124, 126 (11th Cir. 1977). Consequently, the Supreme Court has held that employees of a farmer who repair mechanical implements used in farming are within the meaning of agricultural exemption, because their tasks are incidental to the farm's primary agricultural activities. *Maneja v. Waialua Agr. Co.,* 349 U.S. 254, 260-263 (1955) (holding that the agricultural exemption applied to plantation employees who operated the railroad to transport supplies to and from the fields and sugar cane to a processing plant, as well as to employees who repaired the machines used in farming).

There are, of course, limits to the breadth of the secondary agricultural exemption. The statute itself states that such work must be performed either by a farmer or on a farm and that it must be related to the operation of the farm in which the employee works. Thus, flying a crop

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 5 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

dusting airplane, cooking for field workers, and even clerical work can be considered agricultural for purposes of the exemption if done by a farmer, or on a farm and incidentally to, or in conjunction with such farming operation. *Sariol* at *1280; see also Brennan v. Sugar Cane Growers Coop. of Fla.*, 486 F.2d 1006, 1010-11(5th Cir. 1973); [3] *see also* 29 C.F.R. § 780.144 ("Generally a practice performed in connection with farming operations is within the statutory language if it constitutes an established part of agriculture, is subordinate to the farming operations involved, and does not amount to an independent business.").

### 3. Application of the Agricultural Exemption to Saldibar

It is undisputed that Delray One is a corporation "solely engaged in plant nursery operations," that cultivates its own horticultural products. Facts at ¶1, 2. [4] It grows and cultivates plants and prepares them for distribution into the stream of commerce. Facts at ¶9, 10. There is no question that Delray One's farming operations produce what are unquestionably agricultural products. *See Maneja,* 349 U.S. at 264. Obviously, in order to conduct its operations, Delray One must use farm equipment and other mechanical devices. Facts at ¶2, 3. To support its plant growing operations, Delray One employed maintenance workers like Saldibar for the sole purpose of ensuring that the equipment used to cultivate its plants functioned reliably and properly. Facts at ¶2, 3. Saldibar testified that his job included carpentry repairs to Delray One's greenhouses, repairs to the irrigation system, mechanical repairs to farm equipment, spraying and handling plants. Saldibar testified that he worked on the farm properties owned and operated by Delray One. Facts at ¶2, 3. He testified that his work was

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Citations to Defendant's Statement of Undisputed Facts filed concurrently with Defendant's Motion for Summary Judgment and Memorandum of Law in Support, appear herein as "Facts at ¶____."

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 6 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

performed on the farm and that it involved caring for the equipment and facilities where the plants were grown. Facts at ¶3. These services were absolutely necessary to Delray One's ability to cultivate its plants. Facts at ¶2, 3; *see also Sariol*, 490 F.3d at 1280. As such, Saldibar activities were of an agricultural purpose and incidental to Delray One's primary agricultural activities and therefore fell within the scope of the exemption. Accordingly, Saldibar was not entitled to additional overtime compensation from Delray One.

**B.    Plaintiff Preston was Employed as a Truck Driver and was Therefore Exempt from the Fair Labor Standards Act.**

Preston was exempt from the Fair Labor Standards Act because he was a truck driver subject to the Motor Carrier Act, 29 U.S.C. § 213 (b)(1). Therefore, the Court should enter summary judgment for Delray Plants as a matter of law.

**1.    The Motor Carrier Act Exception to the General Rule**

Section 213 (b)(1) of the Act provides another exception to the general rule requiring the payment of overtime compensation to employees who work in excess of forty (40) hours in a work week. The Motor Carrier Act exemption exempts "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of §31502 of Title 49 from the overtime requirements of the Act…." For the Secretary of Transportation to have regulatory authority, and for the Motor Carrier Act exemption to apply, the defendant "motor carrier must be engaged in interstate commerce, which requires *either* the actual transport of goods across state lines or the intrastate transport of goods in the flow of interstate commerce." *Phillips v. Lesco Logistics, Inc.,* 2007 WL 1644039 (S.D. Texas June 5, 2007) (citations omitted). "The operation of the Section 213 (b)(1) exemption is dependent on whether the Secretary has the power to regulate, not on whether the Secretary has

actually exercised such power." *Baez v. Wells Fargo Arm. Serv. Corp.,* 938 F.2d 180, 181 (11th Cir. 1991) (citations omitted).

The relevant regulations, in turn, are found in part 782 of Title 29. As to the exemption generally, the regulations provide that those persons who are employed by a carrier to transport property by motor vehicle and who engage in activities of a character directly affecting the safety of operation of motor vehicles, in transportation on the public highways, of property in interstate commerce will be subject to the Secretary of Transportation's jurisdiction. 29 C.F.R. § 782.2 (a). A "driver," for purposes of coverage by the Motor Carrier Act ("MCA") is defined as one who drives a motor vehicle in transportation which is, within the meaning of the MCA, in interstate or foreign commerce. 29 C.F.R. § 782.3(a). Drivers include "partial-duty" drivers which do other types of driving or non-driving work, including those individuals whose duties include intrastate commerce. 29 C.F.R. § 782.3 (a). The work of the employee who is a driver, as defined in subsection (a), directly affects "safety of operation" within the meaning of the MCA whenever he drives a motor vehicle in interstate commerce, within the meaning of that Act. 29 C.F.R. § 782.3 (b). Interstate commerce, in turn, is found where the driver (who is directly affecting the safety of operation of motor vehicles) is transporting materials moving in interstate commerce. 29 U.S.C. § 782.7.

Importantly, "interstate commerce" does not require that the vehicles cross state lines. *See Baez,* 938 F.2d at 181 (citing *Opelika Royal Crown Bottling Co. v. Goldberg,* 299 F. 2d 37 (5th Cir. 1962); *see also* 29 U.S.C. § 782.3(b)(1). Interstate commerce is found where vehicles are operated solely within a state when what is being transported is actually moving within interstate commerce within the meaning of both the FLSA and the MCA. *Id.* The fact that other carriers transport the property out of, or into, a state is not material to the analysis. *Id*. In fact,

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 8 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

driving within a single state is interstate commerce where it forms a part of a "practical continuity of movement" across state lines from point of origin to point of destination. *Opelika Royal Crown Bottling Co.,* 299 F. 2d at 40 (citations omitted); 29 C.F.R. § 782.7 (b)(1).

### 2. Application of Motor Carrier Act Exception to Preston

Preston testified he drove a semi tractor-trailer containing Delray One plants from Homestead, Florida to Venus, Florida and from Venus, Florida to and from Orlando, Florida. Facts at ¶4, 5, 6. Preston testified that before he drove his truck each day, he performed a safety inspection. Facts at ¶ 8. This activity is sufficient to bring him within the Secretary of Transportation's jurisdiction. *Alvarado v. GWT Deliv. Sys. Inc.,* 410 F. Supp. 2d 1272, 1277 (S.D. Fla. 2006). He also testified that he left his Venus location to pick up plants at various locations between Venus and Homestead he was presented with a shipping ticket. Facts at ¶8, 9. The shipping ticket, in turn, indicated the eventual destination of the plants. The shipping tickets indicated such destinations as "SW," "NW," and "MS," each representing Home Depot's distribution centers in different parts of the U.S., well outside of the State of Florida. Facts at ¶ 9.

Even though Preston was not sure exactly where the plants were going, Delray Plants knew where they were headed. Facts at ¶ 9, 10. The vast majority of the plants transported by Preston were headed out of state, sometimes as far as Alaska. Facts at ¶ 9. Therefore, the plants were transported in a practical continuity of movement across state lines from the point of origin to the point of destination. *See Alvarado,* 410 F. Supp. 2d at 1277. The exemption applies even though Preston did not actually drive the product out of the state; Preston was brought under the jurisdiction of the Secretary of Transportation because he was driving a truck, was responsible for the safety and operation of the truck within the meaning of the MCA, and was responsible for

Case 9:07-cv-80608-KLR   Document 16   Entered on FLSD Docket 11/26/2007   Page 9 of 11

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

transporting goods that were moving in interstate commerce. *See e.g., Opelika,* 299 F.2d at 43. Because Preston was employed as a truck driver and was subject to the Secretary of Transportation's jurisdiction and the MCA, he was exempt from the FLSA's requirement of overtime compensation. Accordingly, this Court should issue summary judgment for Delray One as a matter of law.

## IV.
## CONCLUSION

Plaintiff Saldibar was an agricultural worker exempt from the FLSA; Defendant Preston was a truck driver exempt from the FLSA. Neither former employee of Delray One is entitled to recover additional overtime compensation. Accordingly, Delray One respectfully requests this Court issue an Order granting this Motion for Final Summary Judgment as to the complaint filed by Daniel Saldibar and joined by Daniel Preston.

Dated: November 26, 2007
Boca Raton, Florida

Respectfully submitted,

/s/ Sally Still
Sally Still, Florida Bar No. 904414
E-mail: sstill@bdblaw.com
I. Jeffrey Pheterson, Esq., Florida Bar No. 220469
E-mail: jpheterson@bdblaw.com
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
5355 Town Center Road, Suite 900
Boca Raton, Florida 33481-0155
Telephone: (561) 241-0414
Facsimile: (561) 241-9766
Attorneys for Defendant Delray One, Inc.

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 26, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Sally Still
Sally Still, Esq.

*Daniel Saldibar v. Delray One, Inc.*
CASE No. : 07-80608 – CIV HURLEY/HOPKINS
*Memorandum of Law in Support of Motion for Summary Judgment*

## SERVICE LIST
## CASE NO.: 07-80608

Kelly Amritt, Esq.
E-mail: kamritt@forthepeople.com
Morgan & Morgan, P.A.
7450 Griffin Road, Suite 230
Davie, FL  33314
Telephone: 877.435.9243
Facsimile: 954.333.3515
*Via CM/ECF*

«BOCA:153933_v2/61034-0010»

- 11 -