UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80608-CIV-RYSKAMP

DANIEL SALDIBAR and
DANIEL PRESTON,

    Plaintiffs,

v.

DELRAY ONE, INC
f/k/a DELRAY PLANTS, INC.,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR COSTS**

THIS CAUSE comes before the Court pursuant to Defendant Delray One, Inc.'s ("Defendant") Bill of Costs, filed March 19, 2008 **[DE 76]**. Plaintiffs Daniel Saldibar and Daniel Preston ("Plaintiffs") responded on April 2, 2008 **[DE 78]**. Defendant replied on April 4, 2008 **[DE 79]**. This motion is ripe for adjudication.

Defendant requests a total of $3,403.22 in prevailing party costs. The breakdown of these costs is as follows:

| | |
|---|---|
| $191.45 | Court Reporter Costs |
| $879.58 | Witness Fees |
| $427.19 | Copies |
| $25.00 | Docket fees under 28 U.S.C. § 1923 |
| $1,880.00 | Other Costs: Court Reporting ($1201.60), Mediation ($648.00), CM/ECF Search Fees ($4.00), Attorney/Staff Travel and Parking Costs ($26.40) |

Plaintiffs object to the claimed costs on a number of grounds.  First, Plaintiffs object that Defendant is not entitled to recover costs for copies because Defendant has not demonstrated or alleged that these copies were used in the litigation of this matter.  This objection ignores the Bill of Costs Defendant submitted to the Court, which required Defendant to declare under perjury that the copying costs were "correct and were necessarily incurred in this action."  Copying costs in the amount $427.19 are therefore recoverable.

Plaintiff's also object to costs in relation to Mr. Randy Gilde because Gilde was not subpoenaed to appear for trial, only testified on one day, and was Defendant's corporate representative.  Plaintiffs cite no authority for this position.  In <u>Mastrapas v. New York Life Ins. Co.</u>, 93 F.R.D. 401, 405-06 (E.D. Mich. 1982), the Court explained that "the general rule is that witness fees and subsistence fees are not limited to the date the witness actually testifies and include the days in which the witness reasonably and necessarily attended trial."  The $451.08 in witness fees for Gilde is recoverable.

Plaintiffs also object to witness fees for Spencer Bennett and Melissa Milligan on the grounds that Defendant failed to identify the rate used to calculate mileage for these witnesses and does not furnish a receipt or other evidence of the actual cost for these witnesses.  Defendant counters, noting that the applicable provisions of 28 U.S.C. § 1821(c)(1) apply only to those witnesses traveling by common carrier, while all of Defendant's witnesses traveled in their privately owned vehicles.  All witnesses called by Defendant traveled more than 100 miles one way to attend trial.  "Attendance in subsistence allowances for witnesses are not restricted to data witness actually testifies, but may also be awarded for each data witness necessarily attends trial, for time spent during delays and temporary adjournments, and for a time necessary for travel to

3

and from the place of attendance." <u>Green Const. Co. v. Kansas Power & Light Co.</u>, 153 F.R.D. 670, 679 (D. Kan. 1994).  Defendant may recover $428.50 in witness fees for Spencer Bennett and Melissa Milligan.

Plaintiff also object to the cost requests for laminated trial exhibits, videotaped depositions, and CD copies of certain documents.  Plaintiffs claim that 28 U.S.C. § 1920(2) only provides for the recovery of "stenographic transcripts" and that the costs of obtaining depositions and/or documents on CDs or DVDs are duplicative.  The cost of transcribing and videotaping depositions is not considered duplicative and are allowed in the Eleventh Circuit.  <u>Morrison v. Reichhold Chemicals, Inc.</u>, 97 F.3d 460, 464-65 (11th Cir. 1996) ("Video depositions were virtually unknown at the time that section 1920 was adopted, and this Court does not believe that a party should be penalized because he has chosen to preserve and present testimony through video as opposed to a printed transcript.").  Furthermore, the costs of obtaining CD copies of certain documents was not merely for the convenience of counsel because Defendant's counsel's offices were over 100 miles from the place these records were kept.  Therefore, obtaining copies of these documents and maintaining them in electronic format was a matter of necessity for adequate preparation.  <u>US v. Kolesar</u>, 313 F.2d 835, 839 (5th Cir. 1963) ("it is artificial to suggest that it is a mere matter of 'convenience' that is the lawyer obtain a copy to spare himself a 75 to 150-mile trip.").  Defendant may recover deposition costs in the amount of $1,201.60. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Bill of Costs, filed March 19, 2008 **[DE 76]**, is GRANTED.  Defendant shall be entitled to costs incurred in the defense of this action in the amount of $3403.22.  The Court shall enter the Bill of Costs forthwith.

4

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 12th day of August, 2008.

                                                      <u>S/Kenneth L. Ryskamp</u>
                                                     KENNETH L. RYSKAMP
                                                     UNITED STATES DISTRICT JUDGE