# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80608-CIV-RYSKAMP

DANIEL SALDIBAR and
DANIEL PRESTON,

     Plaintiffs,

v.

DELRAY ONE, INC
f/k/a DELRAY PLANTS, INC.,

     Defendant.

_____/

## ORDER DENYING RENEWED MOTION FOR SANCTIONS AS TO PLAINTIFF PRESTON

THIS CAUSE comes before the Court pursuant to Defendant Delray One, Inc.'s ("Defendant") Renewed Motion for Sanctions As to Plaintiff Daniel Preston ("Plaintiff")[1], filed March 19, 2008 **[DE 75]**.  Plaintiff responded on March 31, 2008 **[DE 77]**.  Defendant replied on April 10, 2008 **[DE 80]**.  This motion is ripe for adjudication.

Plaintiff sought recovery of overtime benefits under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. against Defendant, a plant nursery with five growing locations in Central and South Florida.  Defendant maintains that Plaintiff is exempt from  FLSA protection based on the motor carrier exemption.

---

[1] Defendant also moved for summary judgment and Rule 11 sanctions in relation to co-Plaintiff Daniel Saldibar, claiming that Plaintiff Saldibar was exempt from FLSA protections due to the agricultural exemption.  The Court denied both motions and allowed Saldibar's case to go to the jury, which found in favor of Defendant.  The renewed motion for sanctions deals exclusively with Plaintiff Preston. Accordingly, this Order designates Plaintiff Preston as "Plaintiff."

<u>See</u> 29 CFR § 782.2(b)(2).  The exemption applies to drivers transporting materials moving in interstate commerce.  29 U.S.C. § 782.7.  Plaintiff worked as a semi-tractor trailer driver transporting plants within the State of Florida.  Plaintiff would also pick up plants from other Florida nurseries and bring them to Defendant's nurseries for maturation and resale.  Most of Defendant's product is shipped outside of Florida.

On November 26, 2007, Defendant filed its initial motion for sanctions, claiming that Plaintiff's counsel should have reasonably known that Defendant was likely to prevail as a matter of law on the grounds of the motor carrier exemption.  The same day, Defendant filed its motion for summary judgment as to Plaintiff based on the motor carrier exemption.  The Court denied both motions, noting that no evidence existed to connect Plaintiff to deliveries destined for interstate distribution.  At trial, the Court granted a directed verdict to Defendant based on the applicability of the motor carrier exemption.  Defendant has renewed its motion for sanctions relating to the applicability of the motor carrier exemption.

Rule 11(b) provides as follows:

> By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence
or, if specifically so identified, are reasonably based on a lack of
information or belief.

Defendant maintains that Plaintiff's lawyers either knew or should have known that Plaintiff's claims and factual contentions were not warranted by existing law nor by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Defendant seeks to recover attorneys' fees estimated to exceed one half of $90,000, plus fees incurred within the billing month in which it filed the renewed motion.

Rule 11(c)(2) requires a movant to serve the opposing party with the Rule 11 motion 21 days prior to filing a motion with the Court: "The motion… must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The language of the rule is mandatory. The purpose of this "safe harbor" provision is to give the offending party a chance to cure its challenged misconduct prior to suffering imposition of sanction. Plaintiff stresses that it did not receive service of the renewed Rule 11 motion 21 days prior to its filing. Defendant does not address the issue of the safe harbor provision in its reply.

The Eleventh Circuit allows Rule 11 motions to be filed after entry of final judgment. See Baker v. Alderman, 115 F.3d 516, 523 (11th Cir. 1998) ("Rule 11 motions are collateral to an action and are not barred if filed after a dismissal order, or after entry of judgment.") (citations omitted). Although the Eleventh Circuit has not addressed the applicability of the safe harbor period to post-judgment Rule 11 motions, the Seventh Circuit has held that Rule 11 motions filed after entry of a final judgment must still comply with the 21 day safe harbor period. See Divane

4

v. Krull Electric Co., 200 F.3d 1020, 1026 (7th Cir. 1999) (holding that Rule 11 motion filed

more than 21 days before entry of final judgment satisfied safe harbor requirement).  The safe

harbor provision still applies even though the instant motion is a "renewed" motion.  See Zhu v.

Federal Housing Finance Bd., 2007 WL 675646, *4 (D. Kan., Mar. 1, 2007) (denying renewed

motion for Rule 11 sanctions based partly on same conduct as initial motion because renewed

motion failed to comply with safe harbor provision).  The Court realizes the inconvenience of

serving a Rule 11 motion on opposing counsel during the middle of a jury trial, but it has found

no authority for the proposition that the 21 day safe harbor period is inapplicable during such

time.  R.B. Ventures v. Shane, 2000 WL 1010400, *2 (S.D.N.Y., Jul. 20, 2000) recognized that

"a factual account first given at mid-trial, in the presence of the jury, obviously cannot be

subjected to the 'safe harbor' curative provision[]" of Rule 11, but R.B. Ventures involved oral

trial testimony that did not accord with pre-trial depositions or pleadings.  Accordingly, R.B.

Ventures distinguished the oral testimony from "pre-trial papers" and exempted the testimony

from Rule 11.  See id.  Here, Plaintiff argued both at trial and in numerous written pre-trial

filings that he was entitled to FLSA protection.

Defendant has unquestionably failed to comply with the safe harbor provision of Rule 11.

Allowing the motion to proceed in this context would vitiate the safe harbor provision because

Plaintiff's counsel had no notice that its position at trial would be the target of a future Rule 11

motion: Defendant's prior Rule 11 motion was denied, and Plaintiff reasonably relied on same at

trial.  Accordingly, it is hereby

5

ORDERED AND ADJUDGED that Defendant's Renewed Motion for Sanctions, filed

March 19, 2008 **[DE 75]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 12th day of

August, 2008.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE